IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES R. SIMMERS, §
§ No. 83, 2017
    Defendant Below- §
    Appellant, §
§
    v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 1403009301 (N)
    Plaintiff Below- §
    Appellee. §

Submitted: August 11, 2017
Decided: September 25, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

This 25th day of September 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, James Simmers, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. We find no merit to the issues Simmers raises on appeal. Thus, we affirm the Superior Court's judgment.

(2) A Superior Court jury convicted Simmers in October 2014 of two counts of Rape in the Fourth Degree and one count of Indecent Exposure in the Second Degree. The State presented evidence that Simmers went into a wooded area with a developmentally challenged young woman and digitally penetrated her vagina and her anus without consent and exposed himself to her. After the jury

rendered its verdict, Simmers filed a motion for a new trial, which the Superior Court denied. The Superior Court sentenced Simmers to a total period of twenty years and thirty days at Level V incarceration, to be suspended after serving six years and thirty days in prison for decreasing levels of supervision. Simmers' sole issue on direct appeal challenged the Superior Court's denial of his motion for new trial. We affirmed the Superior Court's judgment.[1]

(3) Simmers filed his first timely motion for postconviction relief under Superior Court Criminal Rule 61 in November 2015. The Superior Court granted Simmers' motion for the appointment of counsel but later granted counsel's motion to withdraw under Rule 61(e)(6).[2] Simmers' motion raised various claims challenging the sufficiency of the evidence, the credibility of the witnesses, the conduct of the State, and the performance of his trial and appellate attorneys. After obtaining affidavits from Simmer's trial counsel and appellate counsel and receiving the State's response, the Superior Court denied Simmers' motion, finding his claims to be without merit. This appeal followed.

(4) On appeal, Simmers raises the same claims that he argued in the Superior Court. This Court reviews the Superior Court's denial of postconviction

---

[1] *Simmers v. State*, 2015 WL 6459686 (Del. Oct. 22, 2015).
[2] Rule 61(e)(6) permits appointed postconviction counsel to file a motion to withdraw if counsel finds that the defendant has no substantial ground for postconviction relief and counsel cannot ethically advocate on the defendant's behalf.

2

relief for an abuse of discretion.[3] To the extent a party raises questions of law or constitutional violations, those questions will be reviewed de novo.[4] However, this Court must first consider the procedural requirements of Rule 61 "before addressing the merits of claims made in postconviction proceedings."[5]

(5)    Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated ... is thereafter barred."[6] In this case, Simmers' suggestion that the State engaged in misconduct by failing to reveal exculpatory evidence about the victim until just before trial was raised and rejected by the Superior Court in considering Simmers' motion for a new trial,[7] a decision that was affirmed by this Court on direct appeal.[8] We do not need to reconsider the underlying merits of this previously adjudicated claim.

(6)    Moreover, as the State points out, Simmers did not challenge the sufficiency of the evidence or the credibility of the witnesses in his motion for new trial or on direct appeal. Thus, his arguments are barred by Rule 61(i)(3) unless

---

[3] *State v. Reyes*, 155 A.3d 331, 339 (Del. 2017).
[4] *Id.*
[5] *Wright v. State*, 91 A.3d 972, 985 (Del. 2014) (quoting *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).
[6] Del. Super. Crim. R. 61(i)(4).
[7] *State v. Simmers*, 2015 WL 721292 (Del. Super. Feb. 18, 2015)
[8] *See Simmers v. State*, 2015 WL 6459686 (Del. Oct. 22, 2015).

Simmers can establish cause for relief from this procedural default and prejudice from a violation of his rights.[9]

(7) The Superior Court treated Simmers' challenge to the sufficiency of the State's evidence as a claim that both his trial and appellate counsel were ineffective for failing to raise the claim in the Superior Court or on direct appeal. In considering this claim, as well as Simmers' other claims of ineffective assistance of counsel, the Superior Court applied the *Strickland* standard, which requires a petitioner to demonstrate that: (a) counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different.[10]

(8) In this case, the Superior Court carefully considered each of Simmers' claims of ineffective assistance and found that all of the alleged errors were, in fact, objectively reasonable strategic decisions made by counsel. The Superior Court concluded that Simmers had established neither cause nor prejudice under *Strickland*.

(9) We agree. Having considered the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of,

---

[9] Del. Super. Ct. Crim. Rule 61(i)(3) (providing that any "ground for relief that was not asserted in the proceedings leading to the judgment of conviction ... is thereafter barred, unless" the defendant can establish cause for relief from the procedural default and prejudice).

[10] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

and for the reasons assigned by, the Superior Court in its well-reasoned opinion dated January 24, 2017. The Superior Court did not abuse its discretion or commit any error of law.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice